736
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 736 | **DATE** | March 20, 2008 |
| **CASE TITLE** | LaToya Patton (#R-81771) v. Sheriff Sheahan | | |

**DOCKET ENTRY TEXT:**

Plaintiff LaToya Patton's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes trust fund account officials at plaintiff's current place of confinement to deduct $7.00 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the supervisor of trust fund accounts at Lincoln Correctional Center. Defendants Michael Sheahan and A. Salazar are dismissed as defendants. The clerk is directed to issue summonses for the other defendants, and the United States Marshals Service is appointed to serve these defendants. The clerk is also directed to send to plaintiff a magistrate judge consent form and instructions for filing documents in this court, along with a copy of this order.

■ [**For further details see text below.**]                                                   Docketing to mail notices.

## STATEMENT

Plaintiff, LaToya Patton (#R-81771), currently incarcerated at Lincoln Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt McNamera, and Sgt. McCollough used excessive force against plaintiff on July 8, 2007, while she was incarcerated at Cook County Jail. Plaintiff also names Cook County Sheriff Michael Sheahan and Superintendent Salazar as defendants, but asserts no allegations against them.

The court finds that plaintiff is unable to prepay the filing fee and grants her motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $7.00. The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Lincoln Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event that plaintiff is transferred from the jail to another facility.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court must conduct an initial review of prisoner complaints against governmental entities or employees. Here, accepting the complaint's allegations as true, the court finds that plaintiff's complaint states a cause of action under the Civil Rights Act against Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt. McNamera, and Sgt. McCollough. While a more fully developed record may reveal that plaintiff's claims are without merit, these defendants must respond to the allegations in the complaint.

However, plaintiff names Sheriff Sheahan and Superintendent Salazar as defendants, but asserts no allegations against them. Even if the complaint could be construed as asserting claims against Sheahan and Salazar, such claims would not be viable. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (supervisory officials may not be held liable for the constitutional torts of their subordinates, and a claim against supervisory officials must allege that they were in some way personally involved). Therefore, Sheriff Sheahan and Superintendent Salazar are dismissed as defendants.

The clerk shall issue summonses for service of the complaint on the defendants Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt. McNamera, and Sgt. McCollough. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants, Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt. McNamera, and Sgt. McCollough. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, officials at the Cook County Jail shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service, should a dispute arise. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, once an attorney has entered an appearance for the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

*Charles P. Kocoras*
U.S. District Judge