CH

# U.S. Department of Justice
## United States Marshals Service

### PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| LaToya Patton | 08C736  08C736 |
| DEFENDANT | TYPE OF PROCESS |
| Sheriff Sheahan | S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Officer Schaffer, Correctional Officer, Cook County Jail, Div.3

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

C.C.J. C/O Legal Dept. 2700 S. California Ave., 2nd. Flr. Div.5 Chicago, IL 60608

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

LaToya Patton, R81771
Lincoln Corrections Center
P.O. Box 549
Lincoln, IL 62656

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 7 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                             Fold

**FILED**
MAY 13 2008   N F
May 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT      DATE 03-25-08

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|
| | 5 of 7 | No. 24 | No. 24 | | Td | 03-25-08 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

NOT SERVED

Date of Service: 5/08/08   Time: 11:00 pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| One | Service fee Charged Same | | | | one + location | |

REMARKS: Officer Schaffer is on maternity leave and will not return to work until 8/22/08.

1-DUSM  16-miles
2-Hours

See Process Rept. for Charges

PRIOR EDITIONS MAY BE USED        **1. CLERK OF THE COURT**        FORM USM-285 (Rev. 12/15/80)

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

**SUMMONS IN A CIVIL ACTION**

Latoya Patton

    Vs.

Officer Schaffer

CASE NUMBER: 08cv736

JUDGE: Kocoras

TO:    Officer Schaffer

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:
Firm:
Address:
City:
Telephone:

an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: _____
Vettina Franklin, Deputy Clerk

Dated: March 21, 2008

2008 MAR 25 PM 2:46 RECEIVED

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant. Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

_____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                   Date                                         Signature of Server

                                                        _____
                                                        Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

TO: __LaToya Patton__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Correctional Officer Schaffer__ acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of __LaToya Patton vs. Sheriff Sheahan__
(CAPTION OF ACTION)

which is case number __08C736__ in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __March 25, 2008__
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____   _____
DATE                                    SIGNATURE

Printed/Typed Name: _____

As _____ of _____
   TITLE                                       CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

736
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 736 | **DATE** | March 20, 2008 |
| **CASE TITLE** | LaToya Patton (#R-81771) v. Sheriff Sheahan | | |

**DOCKET ENTRY TEXT:**

Plaintiff LaToya Patton's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes trust fund account officials at plaintiff's current place of confinement to deduct $7.00 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the supervisor of trust fund accounts at Lincoln Correctional Center. Defendants Michael Sheahan and A. Salazar are dismissed as defendants. The clerk is directed to issue summonses for the other defendants, and the United States Marshals Service is appointed to serve these defendants. The clerk is also directed to send to plaintiff a magistrate judge consent form and instructions for filing documents in this court, along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, LaToya Patton (#R-81771), currently incarcerated at Lincoln Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt McNamera, and Sgt. McCollough used excessive force against plaintiff on July 8, 2007, while she was incarcerated at Cook County Jail. Plaintiff also names Cook County Sheriff Michael Sheahan and Superintendent Salazar as defendants, but asserts no allegations against them.

The court finds that plaintiff is unable to prepay the filing fee and grants her motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $7.00. The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Lincoln Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event that plaintiff is transferred from the jail to another facility. (CONTINUED)

DEPUTY CLERK
DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE:

Page 1 of 2

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the court must conduct an initial review of prisoner complaints against governmental entities or employees. Here, accepting the complaint's allegations as true, the court finds that plaintiff's complaint states a cause of action under the Civil Rights Act against Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt. McNamera, and Sgt. McCollough. While a more fully developed record may reveal that plaintiff's claims are without merit, these defendants must respond to the allegations in the complaint.

However, plaintiff names Sheriff Sheahan and Superintendent Salazar as defendants, but asserts no allegations against them. Even if the complaint could be construed as asserting claims against Sheahan and Salazar, such claims would not be viable. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (supervisory officials may not be held liable for the constitutional torts of their subordinates, and a claim against supervisory officials must allege that they were in some way personally involved). Therefore, Sheriff Sheahan and Superintendent Salazar are dismissed as defendants.

The clerk shall issue summonses for service of the complaint on the defendants Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt. McNamera, and Sgt. McCollough. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants, Cook County Jail officers Shyne, Conley, Timberlake, Ott, Schaffer, Lt. McNamera, and Sgt. McCollough. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, officials at the Cook County Jail shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service, should a dispute arise. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, once an attorney has entered an appearance for the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

*Charles P. Kocoras*
U.S. District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 2 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Nataya Patton

---

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08 C 736
JUDGE KOCORAS
MAGISTRATE JUDGE ASHMAN

vs.

Case No:
(To be supplied by the Clerk of this Court)

Cook County Jail Sheriff Sheehan
officers: Shyne, Conley,
Timberlake, OTT, Schaffer,
LT. McNamera, Sgt. McCullough,
Superintendant Salazaar

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

✓ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

___ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

___ OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I.    Plaintiff(s):

Revised: 7/20/05

A. Name: LaToya Patton

B. List all aliases: NONE

C. Prisoner identification number: R81771

D. Place of present confinement: Lincoln Corrections Center

E. Address: P.O. Box 549 Lincoln, IL 62656

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Officer Shyne
   Title: Corrections Officer
   Place of Employment: Cook County Jail Div 3

B. Defendant: Officer Conley
   Title: Corrections Officer
   Place of Employment: Cook County Jail Div 3

C. Defendant: Officer Timberlake
   Title: Corrections Officer
   Place of Employment: Cook County Jail Div 3

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised: 7/20/05

Additional Defendants

D - Officer OTT
E - Officer Schaffer
F - Lt. McNamera
G - Sgt. McCullough
H - Superintendant Salazaar
I - Cook County Jail Sheriff Sheehan

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (X)  NO ( )  If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (X)  NO ( )

C. If your answer is YES:

1. What steps did you take?
I filed a grievance and it was never answered, at Cook County Jail July 2007. I was shipped to IDOC August 15, 2007.

2. What was the result?
It wasn't answered. I talked to 4 people from the Dept of Justice, who were making a tour of Cook County Jail.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
I left before anything was done, I did not have access to any procedures for appeal while I was in intake at Dwight Correctional facility.

D. If your answer is NO, explain why not:
I left on shipment, but the dept of Justice told me they would come to talk to me whereever I was shipped to. I have not heard from them as of yet.

3

Revised: 7/20/05

E. Is the grievance procedure now completed?  YES ( )  NO (X)

F. If there is no grievance procedure in the institution, did you complain to authorities?  YES (X)  NO ( )

G. If your answer is YES:

1. What steps did you take?  I talked to the U.S. Department of Justice and advised them I would talk after I left Cook County because I was afraid for my well being.

2. What was the result?  They said they would come talk to me but I haven't had a response yet.

H. If your answer is NO, explain why not:

4

Revised: 7/20/05

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: NONE

B. Approximate date of filing lawsuit: N/A

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: N/A

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

F. Name of judge to whom case was assigned: N/A

G. Basic claim made: N/A

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

I. Approximate date of disposition: N/A

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

5

Revised: 7/20/05

V.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On July 8, 2007 at 1:00pm after coming from my visit, I had came on the tier and went into my room. The girl next door to me was in there and I asked her why, she was in there and to get out. I asked my roommate to get the police because she wouldn't leave. When they came they told me to pack my stuff. I asked why and Sgt. McCullough said "because you are going to Segregation." I stated "I'm the one who asked you to come because this girl will not get out of my room!" Sgt. McCullough said "I don't care." I had my hands behind my back the whole time and Officer Conley pushed me into Sgt McCullough. Once I was pushed Sgt McCullough struck me in the face. Officers OTT, ShyNE, Timberlake and Schafer also began to kick and punch me. Once I was on the ground they continued to punch and kick me. Then Lt. McNamera came and cuffed me. As I was being escorted out Officer ShyNE slammed my face in the metal door as I was walking off of the tier.

6                                                  Revised: 7/20/05

And I never recieved medical attention. During my walk down the stairs, at the last flight officer Shyne told me "I'm a teach you a lesson about talking back" and pushed me down a flight of stairs while I was handcuffed. They then picked me up and walked me to Segregation. I stated "I can't walk my ankle is hurt" They refused to give me medical attention. Two weeks later I talked do the Dept of Justice and ~~Blakely Ree~~ They told me they would review the tape because all of this happened on camera. I informed the dept of justice that I was ~~s~~ afraid to name any names until I took my time. They informed me wherever I was transferred to that they would follow up with me. I haven't received any type of communication from the department of Justice.

VI.   Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like these officers suspended without Pay and compensation for my continual pain and suffering from my ankle injury, and my front tooth is chipped as a result, in the amount of $7,000,000 dollars plus court and attorney fees. Or whatever the court deems fit.

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 30th day of Jan, 20 08

LaToya Patton (R81771)
Lincoln Corrections Center P.O. Box 549

(Signature of plaintiff or plaintiffs)

LaToya Patton
(Print name)

R81771
(I.D. Number)

Lincoln Corrections Center
P.O. Box 549
Lincoln, Illinois 62656
(Address)